HUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-1253 RSM

**ORDER RE-NOTING PARTIES' MOTIONS**

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss. Dkt. 9; Dkt. 19. For the reasons discussed below, the Court re-notes the parties' Motions to January 21, 2024.

## BACKGROUND

In January 2020, Plaintiff filed an application for retirement benefits and divorced spouse benefits. Dkt. 20 at 3–4, 43–46. In her application, Plaintiff wrote, "My spouse claim should have a start date of . . . 2013[,] which was the month I attained age 66." *Id*. at 44. The Social Security Administration (SSA) found Plaintiff entitled to retirement benefits beginning 2017 and divorced spouse benefits beginning 2016. *Id.* at 50, 55. Plaintiff submitted a request for reconsideration, stating the agency "underpaid the total amount retroactively owed under [her] revised [divorced spouse] benefits claim." *See id*. at 53, 60. The SSA affirmed Plaintiff's

divorce spouse benefits begin "no earlier than August 2016." *Id*. at 60.  Plaintiff requested a hearing before an ALJ to appeal the agency's decision.  *Id*. at 73.  In November 2022, the ALJ issued a partially favorable decision and found Plaintiff entitled to divorced spouse benefits beginning 2013.  *Id*. at 79–81.  The ALJ stated that "claimant's benefits and deductions will be recalculated based on [the ALJ's] decision."  *Id*. at 81.  In July 2023, the SSA sent a letter to Plaintiff to give her "new information about [her] benefits."  Dkt. 9-1 at 1–3.  The agency wrote that because an individual "who is entitled to retirement benefits on his or her own record and also to spouse's benefits on another record may only receive an amount equal to the higher of the two benefits," Plaintiff would no longer be receiving divorced spouse benefits starting July 2023.  *Id*.

## DISCUSSION

Plaintiff alleges the SSA has "repeatedly refused to pay" her back-owed divorced spouse benefits.  *See* Dkt. 6 at 3.  Plaintiff's claim is limited to the benefits she contends she is entitled to between 2013 and when the agency notified her in July 2023 that she would no longer be receiving them.  She asserts the agency was supposed to give her a revised statement of said benefits following the ALJ's 2022 decision, but outside the July 2023 letter (which did not reference the ALJ's decision), she has "received no other notification from the Social Security Administration or any payment of back due ex-spouse benefits."  *Id*. at 4; Dkt. 9 at 3.

Defendant argues Plaintiff cannot seek judicial review because she did not request reconsideration of the agency's July 2023 letter and exhaust her administrative remedies.  *See* Dkt. 19.  Defendant states, however, that "[a]though federal court is not the appropriate forum for correcting any potential mistake in the agency's benefit calculation, the agency nevertheless has considered Plaintiff's concerns in her complaint and is in the process of evaluating Plaintiff's

benefit calculation to ensure she is receiving the correct amount." Dkt. 19 at 3, n. 2. Defendant reiterated this in their Reply. *See* Dkt. 24 at 2.

In her Response to Defendant's Motion to Dismiss, Plaintiff explains she did not request reconsideration of the agency's July 2023 letter because she did not disagree with it. Dkt. 22 at 4. Plaintiff's contention, essentially, is with the agency's refusal to adhere to the ALJ's 2022 decision and failure to "produce the stipulated past due spousal benefits letter" and pay her "back-due spousal benefits." *Id.* at 2.

After reviewing the record, the Court defers addressing the parties' respective Motions for now. As the Court understands it, Plaintiff is not seeking judicial review. Rather, she is asking for the calculation and payment of her back-owed divorced spouse benefits, based on the ALJ's 2022 decision. *See* Dkt. 6; Dkt. 9. Defendant has implied there is administrative remedy available that could result in the relief Plaintiff seeks. *See* Dkt. 19 at 3, n. 2; Dkt. 24 at 2. In order to facilitate the remedy Plaintiff seeks, the Court finds re-noting the parties' Motions to January 26, 2024 appropriate. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). This gives the agency 60 days to "consider[] Plaintiff's concerns in her complaint" and "evaluat[e] her benefit calculation to ensure she is receiving the correct amount." *See* Dkt. 19 at 3, n. 2; Dkt. 24 at 2. If the relief Plaintiff is seeking cannot be granted administratively, the Commissioner should indicate why, and explain the apparent discrepancy between the ALJ's 2022 decision, which states Plaintiff is entitled to divorced spouse benefits beginning 2013, and the agency's July 2023 letter, which does not explain whether Plaintiff has received those benefits.

//

DATED this 27th day of November, 2023.

                                           *[signature]*
                                           RICARDO S. MARTINEZ
                                           UNITED STATES DISTRICT JUDGE

ORDER RE-NOTING PARTIES' MOTIONS - 4